IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

**NATHAN ROWAN,** individually and on behalf of all others similarly situated,

*Plaintiff,*

*v.*

**AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS**, a Texas corporation,

*Defendant.*

Case No. 6:25-cv-433

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff Nathan Rowan ("Plaintiff Rowan" or "Rowan") brings this Class Action Complaint and Demand for Jury Trial against Defendant American-Amicable Life Insurance Company of Texas ("Defendant" or "American-Amicable") to stop Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rowan, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Rowan is a resident of Baltimore, Maryland.

2. Defendant American-Amicable is incorporated in Texas with its headquarters in Waco, Texas. Defendant American-Amicable conducts business throughout this District and throughout the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 (“TCPA”).

4. This Court has personal jurisdiction over the Defendant because the Defendant is headquartered in this District and places telemarketing calls to consumers from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term, “Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people’s representatives in Congress have been fighting back.” *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in July 2025 alone, at a rate of 139.5 million per day. www.robocallindex.com (last visited August 11, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**PLAINTIFF ROWAN'S ALLEGATIONS**

14. American-Amicable sells life insurance and annuity products to consumers.[3]

15. Plaintiff Rowan is the sole owner and user of his cell phone number ending in 5605.

16. On July 31, 2025 at 10:59 AM, Plaintiff Rowan received an unsolicited call to his cell phone from 208-604-9176.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.linkedin.com/company/amamgroup/about/

17. When Plaintiff Rowan answered this call, an automated agent identified itself as "Amanda" and stated that in the state of Minnesota, there are programs that assist with end of life expenses. To determine if Plaintiff would quality, he was asked to state his age.

18. Plaintiff Rowan could tell that this agent was automated because the intonation was unnatural, the agent sounded artificial and the pauses were too long and unnatural.

19. Plaintiff Rowan decided that he would provide an answer in the hopes that he would speak to a live agent and confirm which company had called him.

20. Plaintiff provided an age and after an unnatural pause, he was told that the call would be transferred.

21. The call was transferred to a live agent named Adam who began by stating that he sells whole life insurance.

22. Later in the discussion, Adam disclosed that he works for American-Amicable.

23. When asked, Adam confirmed that American-Amicable is located in Waco, Texas.

24. Adam said that his phone number is 620-307-9925 extension 8004.

25. Plaintiff Rowan has never done business with American-Amicable.

26. Plaintiff Rowan was not looking to purchase an insurance plan.

27. Plaintiff Rowan has never consented to be called by or provided his cell phone number to American-Amicable.

28. Not surprisingly, other consumers have complained about receiving precisely the same types of robocalls from American Amicable:

**Initial Complaint**

**Date:** 11/03/2022

**Type:** Customer Service Issues

**Status:** Resolved

I received a call at **** AM Nov 3 from a spoofed number "***********" CallerID "SAN FRANCSCO CA". They were selling final expense insurance. They quoted me $30 a month through American Amicable. The call was initiated with a robodial service that claimed this was a new state regulated insurance plan. The spoofed phone number and robodial is already in violation of the law.

https://www.bbb.org/us/tx/waco/profile/life-insurance/american-amicable-life-insurance-company-of-texas-0825-35073/complaints?page=8.

29. The unauthorized solicitation calls that Plaintiff received from Defendant American-Amicable have harmed Plaintiff Rowan and other consumers in the form of annoyance, nuisance, and invasion of privacy, occupied their phone line, and disturbed the use and enjoyment of their phone.

30. Seeking redress for these injuries, Plaintiff Rowan, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff Rowan brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called more than one time, on their cellular telephone number (2) using an artificial or pre-recorded voice.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class;

(5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Rowan anticipates the need to amend the Class definition following appropriate discovery.

33. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff Rowan will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rowan has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Rowan and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rowan nor his counsel have any interest adverse to the Class.

36. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Rowan. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rowan and the Pre-Recorded No Consent Class)**

37. Plaintiff Rowan repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38. The Defendant transmitted unwanted telephone calls to Plaintiff Rowan and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

39. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

40. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rowan requests a jury trial.

**NATHAN J. ROWAN**, individually and on behalf of all others similarly situated,

DATED this 18th day of September, 2025.

By: /s/ Nayeem N. Mohammed
Nayeem N. Mohammed *
Law Office of Nayeem N. Mohammed
539 W. Commerce St. #1899
Dallas, Texas 75208
972-767-9099
Email: nayeem@nnmpc.com

**Local Counsel for Plaintiff and the putative Class*

Avi R. Kaufman
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
kaufman@kaufmanpa.com
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*